UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| RALPH MCKINNEY and <br> CHERYL MCKINNEY, <br><br>       Plaintiffs <br><br>   v. <br><br> REAL TIME RESOLUTIONS, INC., *et al.*, <br><br>       Defendants | ) <br> ) <br> ) <br> ) <br> ) <br> ) CASE NO. 1:19-CV-2955 RLM-TAB <br> ) <br> ) <br> ) <br> ) <br> ) |

OPINION AND ORDER

Ralph and Cheryl McKinney filed suit against Real Time Resolutions, Countrywide Home Loans, Inc. (d/b/a American's Wholesale Lender), and Bank of New York Mellon alleging that they violated the Fair Credit Reporting Act (FCRA), the Fair Debt Collection Practices Act (FDCPA), and the automatic stay, avoidance, and discharge orders that the bankruptcy court issued in 2005 and 2007.[1] Real Time Resolutions, Countrywide Home Loans, and Bank of New York Mellon moved to dismiss the complaint in its entirety under Fed. R. Civ. P. 12(b)(1) and (6), contending that: (1) the applicable statutes of limitations bar the FCRA and FDCPA claims; (2) the court lacks subject matter jurisdiction over claims that

---

[1] The complaint incorrectly names Bank of America Home Loans (successor in interest to Countrywide Home Loans, Inc.) as a defendant. Countrywide Home Loans, Inc.d/b/a America's Wholesale Lender has been substituted as a defendant for purposes of this order..

the defendants violated the avoidance and discharge orders; (3) the McKinneys haven't stated a plausible claim for which relief can be granted under any of the theories asserted; and (4) the avoidance order is void and unenforceable. For the following reasons, the court grants Countrywide Home Loans' and Bank of New York Mellon's motion to dismiss in its entirety, and grants Real Time Resolutions' motion to dismiss in part and denies it in part.

## I. STANDARD OF REVIEW

When considering a Rule 12(b)(6) motion to dismiss, a court construes the complaint in the light most favorable to the nonmoving party, accepts all well-pleaded facts as true, and draws all inferences in the nonmoving party's favor. Reynolds v. CB Sports Bar, Inc., 623 F.3d 1143, 1146 (7th Cir. 2010). Federal Rule of Civil Procedure 8(a)(2) "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (*citing* Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. at 678 (*quoting* Bell Atlantic v. Twombly, 550 U.S. at 570). A claim is plausible if "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. at 678 (*citing* Bell Atlantic v.

Twombly, 550 U.S. at 556). Twombly and Iqbal "require the plaintiff to 'provid[e] some specific facts' to support the legal claims asserted in the complaint." McCauley v. City of Chicago, 671 F.3d 611, 616 (7th Cir. 2011) (*quoting* Brooks v. Ross, 578 F.3d 574, 581 (7th Cir. 2009)). The plaintiff "must give enough details about the subject-matter of the case to present a story that holds together." Swanson v. Citibank, N.A., 614 F.3d 400, 404 (7th Cir. 2010).

As a general rule, if a party attaches evidence outside the pleadings to a motion to dismiss, "the court must either convert [the motion] into a motion for summary judgment under Rule 56 . . . or exclude the documents attached to the motion to dismiss and continue under Rule 12." 188 LLC v. Trinity Indus., Inc., 300 F.3d 730, 735 (7th Cir. 2002) (quoting Levenstein v. Salafsky, 164 F.3d 345, 347 (7th Cir. 1998)). Exceptions exist: the court can consider evidence outside the pleadings if the documents are central to the claim and referred to in the complaint, *see* Geinosky v. City of Chicago, 675 F.3d 743, 745 n.1 (7th Cir. 2012); 188 LLC v. Trinity Indus., 300 F.3d at 735, and can take judicial notice of facts in the public record if those facts are "readily ascertainable from the public court record and not subject to reasonable dispute", without converting the motions to dismiss into summary judgment motions. Ennenga v. Starns, 677 F.3d 766, 773-774 (7th Cir. 2012); *see also* Gen. Elec. Capital Corp. v. Leasing Resolution Corp, 128 F.3d 1074, 1081 (7th Cir. 1997). The McKinneys' complaint makes repeated references to the proceedings in the underlying bankruptcy case, In Re: Ralph

3

<u>Frederick McKinney and Cheryl Day McKinney, Debtors</u>, Bkrptcy. Case No. 05-22937, and to documents that are and were central to their claim and were referenced in their complaint, including the first and second mortgages, the Chapter 13 petition and plan and the conversion to a Chapter 7 bankruptcy, the automatic stay, avoidance, and discharge orders. The documents attached to the defendants' memorandum in support of their motion [Doc. No. 24] and their reply briefs [Doc. Nos. 42 and 43] include copies of those documents and other related filings in the bankruptcy case.[2] Accordingly, the court can rely on those

---

[2] **Documents attached to Countrywide Home Loans' and Bank of New York Mellon's memorandum:**

Exh A - Certificate of Assumed Business Name by Countrywide Home Loans, Inc. (f/k/a Countrywide Funding Corp and d/b/a America's Wholesale Lender)
Exh B - First Mortgage
Exh C - Second Mortgage
Exh D - Bkrptcy Petition filed 10/5/05 in Bkrptcy Case No. 05-22937
Exh E - Motion to Avoid Wholly Unsecured Mortgage Lien (the second mtg) filed 11/7/05
Exh F - Order Granting Motion to Avoid...Second Mortgage Lien entered 12/8/05 in Bkrptcy Case No. 05-22937 (with stamp showing recorded in Hamilton County on 12/23/16)
Exh G - Notice of Chapter 7 Bkrtcy Case
Exh H - Debtor's Statement of Intention(to reaffirm second mortgage) filed 10/9/06
Exh I - Trustee's Final Report filed 3/7/08

[Doc. No. 24-1 to 24-9].

**Documents attached to Countrywide Home Loans' and Bank of New York Mellon's reply:**

Exh 1 - Objections to Proposed Chapter 13 Plan and Confirmation Thereof by America's Wholesale Lender filed 5/16/06 in Bkrptcy Case No. 05-22937
Exh 2 - Transcript of Hrg on August 15, 2006 in Bkrpty Case No. 05-22937 (sustaining objections to Chp 13 Plan and confirmation)
Exh 3 - Debtor's Statement of Intention (to reaffirm second mortgage)
Exh 4 - Trustee's Final Report filed 3/7/08
Exh 5 - Order Granting Motion to Avoid...Second Mortgage Lien entered 12/8/05

documents [Doc. Nos. 24-1 to 24-9; 42-1 to 42-5; and 41-1 to 43-2] without converting the motions to dismiss into summary judgment motions.

## II. FACTS

The McKinneys had a home equity loan with America's Wholesale Lender that was secured by a second mortgage on their home in Westfield, Indiana. In 2005, the McKinneys filed a Chapter 13 petition in bankruptcy, In Re: Ralph Frederick McKinney and Cheryl Day McKinney, Debtors, Bkrptcy. Case No. 05-22937, initiating an automatic stay. America's Wholesale Lender was listed as a secured creditor based on the first and second mortgages it held.

In November 2005, the McKinneys filed a motion to avoid the second mortgage, contending that it was wholly unsecured.  The bankruptcy court granted that motion on December 8, 2005 and the McKinneys recorded the order in December 2016, eleven years later.

---

[Doc. No. 42-1 to 42-5].

**Documents attached to Real Time Resolutions' reply:**

Exh. 1 - Objections to Proposed Chapter 13 Plan and Confirmation Thereof by America's Wholesale Lender filed 5/16/06

Exh. 2 - Transcript of Hrg on August 15, 2006 in Bkrpty Case No. 05-22937

[Doc. No. 43-1 and 43-2].

After America's Wholesale Lender objected to the McKinneys' proposed Chapter 13 plan and confirmation of that plan, the McKinneys' converted to a Chapter 7 bankruptcy . Two months later, in October 2006, they filed a notice of intent to reaffirm the first and second mortgages and resumed making monthly payments on the loan. The McKinneys continued to make payments through May 2007.

The bankruptcy court entered a discharge order on October 5, 2007. The Final Report and Distribution Summary issued by the Trustee on March 5, 2008, indicates that America's Wholesale Lender's claim was "secured". The McKinneys made payments to America's Wholesale Lender in March, May, June, Aug, and December 2008.

America's Wholesale Lender filed a notice of transfer of claim in June 2009, indicating that the second mortgage had been transferred to Real Time Resolutions, Inc.  Real Time Resolutions sent a letter to the McKinneys on May 29, 2009 advising them of the transfer. It sent another letter in March 2013, stating that Real Time Resolutions recognized that they'd "received a Chapter 7 bankruptcy discharge" and didn't "personally owe Real Time anything regarding [their Home Equity Loan] account"; informing the McKinneys that "despite [their] discharge, Real Time continues to hold a security interest or lien on [their] property pursuant to its Mortgage"; and offering them the "opportunity to put

[their tax] refund to work … by taking care of the outstanding lien on [their] property." [Doc. No. 1-4, at p. 39]. The letter contained the following notice:

> [T]his is an attempt to collect a debt. … However, if you are currently in bankruptcy or have received a discharge in bankrupt, this letter is not an attempt to collect a debt from you personally to the extent it is included in your bankruptcy or has been discharged, but is provided for informational purposes only.

*Id..*

On October 30, 2013, Real Time Resolutions sent Mr. McKinney a third letter responding to a written inquiry he'd made disputing how Real Time Resolutions was reporting his credit. Real Time Resolutions told Mr. McKinney that it was reporting the account accurately as "discharged in a Chapter 7 Bankruptcy and 180 days or more delinquent." [Doc. No. 1-4 at p.40].

A month later, on November 20, 2013, Mr. McKinney sent Real Time Resolutions another letter stating:

> I approached RTR in March 2013 to resolve my outstanding [Home Equity Line of Credit] but met stiff resistance to a fair settlement.
>
> Getting a new auto loan last month, I discover[ed] RTR is now reporting me both bankrupt AND delinquent on my HELOC as of May 2013…You can't have it both ways" The HELOC has not been re-affirmed and bankruptcy laws prevent you from reporting me delinquent on a discharged loan.
>
> … [I]f the double negative reporting is not removed, then I will report RTR to my Congressional representative for investigation and ask my attorney to pursue other remedies.

[Doc. No. 1-9].

Real Time Resolutions sent account statements to Mr. McKinney in December 2018, January, February, March, and April 2019. Each contained a notice indicating that it was "not an attempt to collect" a debt that had been discharged in bankruptcy and was provided for informational purposes only. The January-April 2019 statements also state that: "While the debt was discharged, the creditor may still retain rights under its security instrument."

### III.  DISCUSSION

Real Time Resolutions, Countrywide Home Loans, and Bank of New York Mellon contend that the plaintiffs discovered the alleged reporting violations in 2013, as shown by the November 20, 2013 letter attached to their complaint [Doc. No. 1-9], so the applicable 2-year statute of limitations, 15 U.S.C. § 1681p., bar their FCRA claims. The McKinneys argue that a statute of limitations argument can't be raised on a motion to dismiss, that additional discovery is needed to determine whether its claims are barred, that they had 5 years to bring their claim under § 1681p, and that the August 1, 2014 credit report attached to their complaint [Doc. No. 1-8] demonstrates that a violation of the FCRA occurred within the 5-year period.

A statute of limitations defense is an affirmative defense that a complaint needn't anticipate or plead against, *see* Xechem, Inc. v. Bristol-Myers Squibb Co., 372 F.3d 899, 901 (7th Cir. 2004), but "when the allegations of the complaint

reveal that relief is barred by the applicable statute of limitations, the complaint is subject to dismissal for failure to state a claim." Logan v. Wilkins, 644 F.3d 577, 582 (7th Cir. 2011); Small v. Chao, 398 F.3d 894, 898 (7th Cir. 2005) (courts may dismiss a claim under Fed. R. Civ. P. 12(b)(6) if the claim is "indisputably time barred").

      15 U.S.C. § 1681p provides that:

> An action to enforce any liability created under this subchapter may be brought…not later than the earlier of –
> (1) 2 years after the date of discovery by the plaintiff of the violation that is the basis for such liability; or
> (2) 5 years after the date on which the violation that is the basis of such liability occurs.

The November 20, 2013 letter the McKinneys attached to their complaint shows that they discovered the alleged reporting violations in 2013, so the two-year statute of limitations applies and bars the McKinneys' FCRA claims.

      Real Time Resolutions, Countrywide Home Loans, and Bank of New York Mellon contend that the McKinneys FDCPA claims are also barred by the applicable one-year statute of limitations in 15 U.S.C. § 1692(k)(d). The McKinneys argue that Countrywide Home Loans' and Bank of New York Mellon's argument is improper in a motion to dismiss, and contend that the account statements Real Time Resolutions sent them in December 2018 and January to April 2019 [Doc. No. 1-4] evidence violations of the FDCPA and are all dated within a year of July 17, 2019, the date their complaint was filed.

Countrywide Home Loans and Bank of New York Mellon transferred their interest in the second mortgage to Real Time Resolutions in 2009, and Real Time Resolutions generated the only collection actions that allegedly occurred after 2009. Dismissal of the FDCPA claims against Countrywide Home Loans and Bank of New York Mellon is appropriate. See Logan v. Wilkins, 644 F.3d at 582; Small v. Chao, 398 F.3d at 898.

Real Time Resolutions sent multiple correspondence and account statements to the McKinneys. Only a few of those fall within the one year statute of limitations – the account statements Real Time Resolutions sent to the McKinneys in December 2018 and January, February, March, and April 2019. Genuine issues of fact exist as to whether those statements were attempts to collect a debt in violation of the FDCPA. Real Time Resolutions' motion didn't address those issues. Accordingly, the court denies Real Time Resolutions' motion to dismiss the McKinneys' FDCPA claims.

The court needn't decide today whether the conversion from a Chapter 13 bankruptcy to a Chapter 7 action voided the bankruptcy court's avoidance order and whether any of the defendants violated that order or the automatic stay or the 2005 and 2007 discharge orders. Those issues and the power to enforce the bankruptcy court's orders by way of contempt are reserved for the bankruptcy court. See Cox v. Zale Delaware, Inc., 239 F.3d 910, 916 (7th Cir. 2001). The McKinneys acknowledge that, but contend that judicial economy would best be

served by allowing them to proceed with all of their claims in this court, rather then filing for contempt in the bankruptcy court and petitioning to remove the contempt proceeding. The court disagrees. To do as the McKinneys ask would set a precedent benefitting forum shoppers. The McKinneys have cited no authority that would allow them to forego the remedy available to them or bestowing upon them a private right of action to enforce the bankruptcy court's orders. The bankruptcy court is in a far better position to interpret and enforce its orders, and the likelihood that it would grant a motion to withdraw contempt proceedings is speculative at best. Accordingly, the court grants the defendants' motions to dismiss claims for violations of the bankruptcy court's orders.

## IV. Conclusions

For the foregoing reasons, the court:

(1) GRANTS Countrywide Home Loans' and Bank of New York Mellon's motion to dismiss [Doc. No. 23];

(2) GRANTS Real Time Resolutions' motion to dismiss the FCRA claims and claims alleging violations of the bankruptcy court's automatic stay, avoidance, and discharge orders; and DENIES the motion with respect to the FDCPA claims asserted against it [Doc. No. 19].

SO ORDERED.

ENTERED:   October 1, 2020

/s/ Robert L. Miller, Jr.
Judge
United States District Court

Distribution:  All electronically registered counsel of record